F. M. SIBLEY LUMBER CO. v. SCHULTZ.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXPRESS WARRANTY.

In action to recover balance due for lumber material furnished where question of express warranty had been eliminated in former opinion of Supreme Court and was negatived by the testimony on second trial it is not considered on second appeal.

2. SALES—IMPLIED WARRANTY—SPECIAL QUESTION.

In action to recover balance due for plywood furnished to defendant where special question put to jury as to whether defendant's buyer specified the exact material he wanted and whether plaintiff's salesman procured the exact material he was ordered to was answered affirmatively, such finding determined that the sale was by description without implied warranty.

3. SAME—IMPLIED WARRANTY—SPECIAL QUESTION—INFORMATION BY CORPORATE AGENTS—FINDINGS OF JURY.

In action to recover balance due for concrete form plywood special question proposed by defendant as to whether the particular purpose for which it was to be used was made known to corporate plaintiff by its salesman or secretary and treasurer would not constitute a reason for finding an implied warranty that it was suitable for such use as necessary elements are wanting.

4. SAME—IMPLIED WARRANTY—SPECIAL QUESTION—RELIANCE ON SKILL AND JUDGMENT OF SELLER.

Special question as to whether defendant, in placing order for carload of concrete form plywood with plaintiff did "rely on the skill or judgment" of plaintiff was vague and failed to specify in what particular and to what extent defendant relied on the skill and judgment of plaintiff, hence jury's affirmative answer thereto could not be the basis for finding an implied warranty that it was suitable for use to which it was put.

5. SAME—IMPLIED WARRANTY—SPECIAL FINDING AS TO USABILITY OF PLYWOOD.

   In action to recover balance due for concrete form plywood, it was not error for court to refuse to propound special question, proposed by defendant, to jury as to whether or not plywood furnished was reasonably fit for use to which it was to be put in the absence of a finding of implied warranty, where court did charge that if there was an implied warranty there was no question about its breach.

6. SAME—IMPLIED WARRANTY—PLYWOOD—INSTRUCTIONS.

   Instructions to jury as to matter of whether or not an implied warranty arose because defendant purchaser of plywood had made known to the seller the particular purpose for which the plywood was to be used, because buyer relied on seller's skill and judgment, or because goods delivered were of merchantable quality *held*, sufficient and appropriate under the circumstances (2 Comp. Laws 1929, § 9454 [1] [2]).

7. SAME—IMPLIED WARRANTY—USAGE OF TRADE.

   Where plywood was not being marked as to grade and its use to line forms to hold wet concrete was new to the trade and such usage of trade was neither pleaded nor proved, there was no implied warranty by usage of trade as to such particular use (2 Comp. Laws 1929, § 9454 [5]).

8. APPEAL AND ERROR—WEIGHT OF EVIDENCE—IMPLIED WARRANTY.

   Verdict of jury against implied warranty in action to recover balance due for plywood sold defendant *held*, not against weight of evidence (2 Comp. Laws 1929, § 9454).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 4, 1944. (Docket No. 13, Calendar No. 42,650.) Decided June 5, 1944. Rehearing denied September 5, 1944.

Assumpsit by F. M. Sibley Lumber Company, a corporation, against Robert J. Schultz, doing business as Builders Specialty Company, for plywood purchased. Defendant claimed set-off and recoupment. General verdict for defendant on set-off. Judgment for plaintiff on answers to special questions. Defendant appeals. Affirmed.

*Fildew & DeGree,* for plaintiff.

*Clifford M. Toohy,* for defendant.

Reid, J. This action was before this Court on a former appeal, *F. M. Sibley Lumber Co.* v. *Schultz,* 297 Mich. 206, in which the claims of the parties appear. The question of implied warranty was properly submitted on the second trial. The jury allowed items of credit for plaintiff of $16,089.37, and damages to Schultz, defendant and cross plaintiff, of $7,797.11, leaving a balance of $8,292.26, with interest of $2,178.33, a total of $10,470.59 balance due plaintiff.

Defendant Schultz claims numerous errors, one being that the court did not submit to the jury his third requested question:

"Was plywood delivered to the site on May 6, 1937, reasonably fit to be used as liner for forms to hold wet concrete?"

The court considered an answer would not be conclusive and submitted the following five questions to the jury, questions 1 and 2 being prepared by defendant and questions 3, 4 and 5 by the court:

"1.   Was the particular purpose for which the concrete form plywood, ordered March 15, 1937, and delivered May 6, 1937 by freight car, was to be used made known to the F. M. Sibley Lumber Company, a Michigan corporation, by information given to Ernest Edge, its salesman, or Harry H. Berger, its secretary and treasurer?" (Jury's answer yes.)

"2.   In placing the order for the carload of concrete form plywood with the F. M. Sibley Lumber Company, did the purchaser Robert J. Schultz rely on the skill or judgment of the F. M. Sibley Lumber Company?" (Jury's answer yes.)

"3. Did Mr. Lightfoot specify to Mr. Edge the exact material he wanted, and did Mr. Edge merely procure the exact material he was ordered to?" (Jury's answer yes.)

"4. Did Mr. Lightfoot say in effect to Mr. Edge: We are figuring to get four uses from plywood as a concrete form lining, and we rely on your company to get us plywood that will give us four such uses?" (Jury's answer no.)

"5. Did the Sibley Lumber Company in effect undertake to furnish Mr. Schultz plywood as concrete form lining that would give four uses?" (Jury's answer no.)

The judge on motion for judgment *non obstante veredicto* considered the answers to the five questions taken together did not warrant any reduction from the full claim of the plaintiff and entered judgment for plaintiff for $20,312.82, evidently including interest.

The question of express warranty was eliminated in our former opinion, was negatived by the testimony on the second trial, and requires no further consideration.

We must consider the question of implied warranty, the manner of its submission to the jury, and the effect of the answers to the special questions, and determine the defendant's claims of error.

Defendant contended that he did not assert an implied warranty of four uses but of reasonable fitness. Following are excerpts from the testimony of defendant Schultz and his buyer Lightfoot, on whose testimony the claim of cross plaintiff of implied warranty must in effect depend:

(Lightfoot) "I called Mr. Edge (plaintiff's salesman). * * * I had literature (exhibit 17 quoted in cited decision, *supra*) that had been given

me by other salesmen on concrete form plywood and we talked about it. * * * We sat down side by side and read it because it was new to him and it was new to me. * * * Mr. Edge stated that the material would have at least four re-uses. * * * Mr. Edge said he was sure we would be able to get at least four re-uses out of it.''

(Schultz) ''Ernest Edge told me on the evening of March 13, 1937, that I would get four re-uses and some salvage value out of the concrete form plywood. * * * We anticipated using it four times.''

This testimony was denied.

The answers of the jury to questions 4 and 5 find the above-quoted testimony incorrect.

Mr. Lightfoot further testified:

''The date on which Mr. Edge and I looked at page 9 of exhibit 17 was March 13, 1937. Mr. Edge at that time stated that that material was standard material used for concrete form lining and I asked him if it was the same material that was specified, that they referred to as specially fabricated and he said 'yes,' it was standard material furnished by all lumber companies. He said there was no question but what the F. M. Sibley Lumber Company could furnish the quality, but there was some question about the special 21-inch width size; and he stated it would be necessary for him to go back to the office and inquire as to whether it could be obtained from the mill they were dealing with, because of the special size.

''Next day he called me up and told me what the price was and that they could supply it. * * * Exhibit 5, our purchase order No. 152, was not requested by Mr. Edge. He had turned in a memorandum of the order to Mr. Berger (of the F. M. Sibley Lumber Company) and Mr. Berger called me and asked me to confirm. * * * I asked him

what he wanted me to call it and he said, 'Just call it plywood.'"

The answer by the jury to question 3 weighs such statements with opposing testimony and determines that the sale was by description without implied warranty.

The answer to question 1 in itself would not constitute a reason for finding an implied warranty. Necessary elements are wanting. Question 2 is vague and fails to specify in what particular and to what extent Schultz relied on the skill and judgment of plaintiff.

Defendant claims that the judgment and verdict are against the great weight of the evidence. It will be noted that his witness Lightfoot said this use of plywood was new to him and to Mr. Edge. It is hard to believe Lightfoot's further statements that Edge recommended the material for that new and therefore untried use.

Mr. Edge testified:

"Q. * * * What, if anything, did you say to Mr. Lightfoot when he informed you that the architect would not permit the use of masonite and that he would have to use concrete form plywood?

"A. I told him not to ask me about concrete form plywood, I didn't know anything about it.

"Q. And what further, if anything, did Mr. Lightfoot say?

"A. He told me I did not need to know that they knew what they wanted."

The jury could well have found that the manufacturer, West Coast Plywood Company, was informed by the F. M. Sibley Lumber Company's order, through intermediaries, of the intended use; that Lightfoot had received from agents of bidders other than Edge the manufacturer's literature (ex-

hibit 17) representing the suitability of their product for several uses; that defendant obtained through plaintiff a carload of that same manufacturer's product, the very thing that defendant had in mind when plaintiff was given the order; and that defendant without asking any questions (as it seems) accepted the latently deficient carload.

All the testimony is to the effect that the plywood furnished was not reasonably fit for the intended use, but with a finding of no implied warranty, it would be useless for the jury to answer the third question as proposed by defendant. He could gain nothing by the answer. In his charge the court said:

"It is conceded that none of the plywood that was delivered by the F. M. Sibley Lumber Company to Mr. Schultz gave more than two uses. So, if there was an implied warranty, there is no question about its breach."

Defendant complains that the court did not make a sufficiently detailed charge to the jury respecting the three phases of implied warranty set forth in subsections (1), (2) and (5) of 2 Comp. Laws 1929, § 9454 (Stat. Ann. § 19.255), relied upon by the defendant. Defense testimony in full was received on all these matters. Subsections (1) and (2) were read and properly explained to the jury. The jury were required to answer the questions of fact and were sufficiently and appropriately instructed as to their consideration of those facts.

It is clearly evident that the use of plywood to line forms to hold wet concrete was new to the trade in 1937. It was conceded that plywood was not then being marked as to grade. Evidently the jury could properly find that defendant Schultz took his chances with the use of plywood from a company

whose circular his agent Lightfoot had read, simply assuming that the product of that company would be suitable for the purpose intended but later experience has demonstrated how plywood requires to be prepared for that purpose, with what glue and of what particular consistency and with what pressure in the process of manufacture.

As to subsection (5), *supra,* there was no implied warranty by usage of trade as to this particular use of plywood in 1937. Such usage of trade was neither pleaded nor proved.

The jury was well within the bounds of the testimony in answering "yes" to question 3 and "no" to questions 4 and 5. Such answers are not against the weight of the evidence. The verdict being against implied warranty, it is unnecessary to consider claimed errors in rulings upon offered items under the cross declaration.

Judgment affirmed, with costs of both courts to plaintiff.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.